UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRAZIER ROTCHFORD,<br><br>                     Plaintiff,<br><br>       v.<br><br>KING COUNTY PROSCUTING ATTORNEY, et. al.,<br><br>                     Defendants. | CASE NO. C19-359-MJP<br><br>**REPORT AND RECOMMENDATION** |

On March 7, 2019, plaintiff, a state prisoner, submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983, and a deficient application to proceed *in forma pauperis* (IFP). Dkt. 1. After plaintiff cured the deficient IFP application, the Court granted plaintiff leave to proceed IFP, Dkt. 7, and the complaint was formally filed and docketed. Dkt. 8.

The Court is required to screen complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

REPORT AND RECOMMENDATION - 1

1    The complaint in this case alleges defendants have over and undercharged all criminal
2    defendants including plaintiff who was convicted of felony harassment. Because the complaint
3    challenges a criminal conviction which still stands, it is barred under *Heck v. Humphrey,* 512
4    U.S. 477 (1994). This is a deficiency that no amendment can cure, and the Court therefore
5    recommends the complaint be dismissed without prejudice and without further leave to amend
6    the complaint.

## DISCUSSION

The complaint names as defendants Jeff Dernbach, Daniel Satterburg King County Prosecuting Attorney, Office of Dow Constantine, Ed Murray, Jenny Durkin, Judges Royer, Doyle "and the Chinese Judge on King County Superior Court." Dkt. 8 at 2. The complaint alleges the King County Prosecuting Attorney over and undercharges all criminal defendants, *id*. at 3; plaintiff was charged with felony harassment of a DUI prosecutor for the City of Seattle, *id*. at 5; plaintiff seeks to normalize relations between the United States and North Korea, *id*. at 6-7; a week after his "plea" North Korea stated it was interested in peaceful negotiations with the U.S., *id*. at 3; Judges do not know enough about the facts of a criminal case to "obviate the systemic mischarging of defendants," *id*. at 8; and "the knowing and intentional over, under and mischarging of defendants by the named parties and knowingly allowed by named judges constitutes intimidation of the judiciary," *id.* at (addendum A). As relief, plaintiff seeks "$83 million." *Id*. at 12.

The complaint's allegation that defendants have over and undercharged plaintiff and all other criminal defendants, raises a direct challenge to plaintiff's felony harassment criminal conviction. The complaint indicates plaintiff entered a "plea" and the Court takes notice[1] that on

---

[1] *See* https://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S17&casenumber=17-1-01428-8&searchtype=sName&token=2EE7B88EF611ACE98EDFD6D5D648E061&dt=2EC37DB66FA978DB9618FF760

REPORT AND RECOMMENDATION - 2

1    February 20, 2018, plaintiff entered a plea of guilty to felony harassment in King County

2    Superior Court No. 17-1-01428-8, and was sentenced on March 2, 2018.

3    When a prisoner confined by the government challenges the very fact or duration of his

4    physical imprisonment, and the relief he seeks will determine that he is or was entitled to

5    immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ

6    of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages

7    for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions

8    whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

9    that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

10   declared invalid by a state tribunal authorized to make such determination, or called into

11   question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v.*

12   *Humphrey*, 512 U.S. at 486-87.

13   Here, the complaint does not allege plaintiff's conviction for felony harassment and

14   sentence have been reversed on direct appeal, expunged by executive order, declared invalid by a

15   state tribunal authorized to make such determination, or called into question by a federal court's

16   issuance of a writ of habeas corpus.  Rather the complaint indicates plaintiff pleaded guilty to

17   felony harassment, an indication that is supported by the state court's records that establish

18   plaintiff was convicted via a plea of guilty and sentenced for the offense. The complaint

19   challenges the felony harassment conviction alleging that it is a product of being overcharged,

20   undercharged and mischarged, and that plaintiff should be awarded $83 million dollars.

21

22   60B2A09&courtClassCode=S&casekey=173670327&courtname=KING CO SUPERIOR CT; *See also*
     https://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S17&casenumber=18-9-05214-
23   4&searchtype=sName&token=23E3CBFCFA1FA998F9D8A2A8D648E066&dt=23C70EC463A77DAAE11F8B0B
     060B2A0E&courtClassCode=S&casekey=175721818&courtname=KING CO SUPERIOR CT (Last accessed
     3/28/2019)

REPORT AND RECOMMENDATION - 3

In short, plaintiff's § 1983 lawsuit alleging defendants mischarged him challenges plaintiff's felony harassment criminal conviction. The lawsuit is thus barred under *Heck v. Humphry* until and unless plaintiff can show his 2018 criminal conviction for felony harassment has been overturned through the appeals process or a habeas petition. *See Heck v. Humphrey*, 512 U.S. at 486–87. The complaint should accordingly be dismissed without prejudice.

## CONCLUSION

The Court recommends the complaint be **DISMISSED** without prejudice. Plaintiff challenges his criminal conviction alleging he and others are over and undercharged. The complaint indicates plaintiff was charged with felony harassment and the Court takes notice that plaintiff was convicted and sentenced for this offense in King County Superior Court in 2018. There is no indication the conviction has ever been overturned and the complaint is thus *Heck* barred.

Plaintiff is advised he may file objections to this Report and Recommendation, and that his objections are due no later than **April 24, 2019**. The Clerk should note the matter for **April 26, 2019**, as ready for the District Judge's consideration. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff.

The Clerk shall also provide this order to plaintiff.

DATED this 10th day of April, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge