# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FRAZIER ROTCHFORD,<br><br>      Plaintiff,<br><br>  v.<br><br>KING COUNTY PROSECUTING ATTORNEY, et al., ,<br><br>      Defendant. | CASE NO. C19-0359 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff Frazier Rotchford's Objections (Dkt. No. 10) to the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 9.) Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation.

The relevant facts and procedural background are set forth in detail in the Report and Recommendation. (Dkt. No. 9.) Because Plaintiff challenges his state criminal charges—implicating the very fact or duration of his physical imprisonment—Magistrate Judge Tsuchida concluded that Plaintiff's lawsuit is barred under Heck v. Humphrey, 512 U.S. 477 (1994). (Id.)

Heck held that to prevent collateral attacks on convictions, a Section 1983 plaintiff seeking damages for an allegedly unconstitutional conviction or imprisonment must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486–87.

Plaintiff objects that his complaint does not challenge his underlying conviction, but instead challenges the Defendants' intent in charging him. (Dkt. No. 10 at 10.) But Plaintiff's complaint—alleging that his plea was mishandled and that Defendants misinterpreted the conduct that led to his stalking charges—makes exactly the type of collateral attack on his standing criminal conviction the Heck Court feared would undermine finality and consistency in the criminal justice system. (Dkt. No. 8 at 1-6); Heck, 512 U.S. at 486-87.

The Court clarifies that, because these claims are being dismissed without prejudice, Plaintiff is free to re-file them if, in the future, his conviction meets the Heck standard outlined above.

The Court therefore ADOPTS the Report and Recommendation, and orders as follows:

(1) The Court DISMISSES without prejudice Plaintiff's claims regarding the ongoing state criminal proceedings;

The clerk is ordered to provide copies of this order to all counsel.

Dated May 28, 2019.

Marsha J. Pechman
United States District Judge